UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLARENCE DELANEY, JR.,

                        Plaintiff,

  -v-                                      1:18-CV-1193
                                            (DNH/CFH)

CITY OF ALBANY; POLICE OFFICER BRACE,
Detective for the City of Albany/CIU; POLICE
OFFICER DIGIUSEPPE, Detective for the City
of Albany/CIU; POLICE OFFICER JOHN DOE
1, Police Officer for City of Albany; and POLICE
OFFICER JOHN DOE 2, 3, 4, Police Officers for
the City of Albany,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:

CLARENCE DELANEY, JR.
Plaintiff pro se
Samaritan Daytop Village
Veterans Program
327 West 43rd Street
New York, NY 10036

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Pro se plaintiff Clarence Delaney Jr. brought this civil rights action pursuant to 42 U.S.C. § 1983. On December 16, 2019, the Honorable Christian F. Hummel, United States Magistrate Judge, advised by Report-Recommendation that some of plaintiff's claims be dismissed with prejudice and some without prejudice, and that the remaining claims be

permitted to proceed. Ultimately, Magistrate Judge Hummel recommended that upon adoption of the Report-Recommendation, the Clerk return the case to him for issuance of service of the Second Amended Complaint on the remaining defendants as the operative pleading. No objections to the Report-Recommendation have been filed.

Based upon a careful review of the entire file and the recommendations of the Magistrate Judge, the Report-Recommendation is accepted in whole. See 28 U.S.C. § 636(b)(1).

Therefore, it is

ORDERED that

1. Plaintiff's conspiracy claim is DISMISSED WITH PREJUDICE as against all defendants;

2. Insofar as plaintiff attempts to set forth claims against Meaghan Speedling for her legal representation, including ineffective assistance of counsel or legal malpractice, those claims are DISMISSED WITH PREJUDICE, but (1) the dismissal of any ineffective assistance of counsel claim is without prejudice to plaintiff's seeking to commence a habeas corpus case, should he choose do to so, and (2) the dismissal of any legal malpractice claim is without prejudice to plaintiff's seeking to address those claims in the appropriate state court, should he choose to do so;

3. The Clerk add Assistant Public Defender Meaghan Speedling to the docket and thereafter terminate her from this action because plaintiff has failed to demonstrate that she is a state actor for purposes of 42 U.S.C. § 1983 and has otherwise failed to state a claim against her;

4. Insofar as plaintiff attempts to set forth claims for malicious prosecution or false

arrest as it relates to his conviction for obstruction, these claims are DISMISSED WITHOUT PREJUDICE as barred by Heck v. Humphrey;

  5. Insofar as plaintiff attempts to set forth a claim for retaliatory arrest in violation of the First Amendment against defendant DiGuiseppe, this claim is DISMISSED WITH PREJUDICE;

  6. The Clerk add Judge Gary F. Stiglmeier to the docket and thereafter terminate him from this action due to judicial immunity;

  7. As plaintiff was permitted to file a Third Amended Complaint solely to attempt to cure the defects in his conspiracy and First Amendment claims, and because plaintiff has failed to cure these defects, the Second Amended Complaint (ECF No. 17) is deemed the operative pleading in this action;

  8. The Clerk return this case to Magistrate Judge Hummel for issuance of service of the Second Amended Complaint (ECF No. 17) on the remaining defendants as the operative pleading; and

  9. The Clerk add Assistant District Attorney Brenda Baddam to the docket as a defendant.

  IT IS SO ORDERED.

_____
United States District Judge

Dated: March 9, 2020
   Utica, New York.